**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MICHAEL W. RUBIN,

              Plaintiff,

       v.                              Case No. C-1-04-836

FORD MOTOR COMPANY, et al.,

              Defendants.

## ORDER

This matter is before the Court upon defendants' motion to dismiss the complaint (doc. 2), plaintiff's opposing memorandum (doc. 9), and defendants' reply brief (doc. 10).

### I. Introduction

Plaintiff Michael Rubin, a citizen of Ohio, initially filed a complaint against defendant Ford Motor Company (Ford) in the Court of Common Pleas, Hamilton County, Ohio, on August 26, 2002. The case was removed to this Court. On November 13, 2003, this Court dismissed the complaint without prejudice for failure to prosecute. On November 15, 2004, plaintiff refiled his complaint in the Hamilton County Court of Common Pleas against defendants Ford and Ford T & C Sharonville. Defendants removed the action to this Court on December 20, 2004, based on the Court's diversity jurisdiction. Defendants now move to dismiss plaintiff's claims on the grounds that the complaint fails to state a claim upon which relief can be granted and certain claims are barred by the statute of limitations.

1

## II. Factual Allegations

Plaintiff makes the following allegations in the complaint.  On November 24, 1999, plaintiff began employment with Ford at the Ford T & C Sharonville plant. During late 2001 through late 2002, plaintiff discovered irregularities in production/inventory documents being kept by a similar-level supervisor, which plaintiff reported to his direct supervisor.  This report started a pattern of abuse and harassment of a mental and physical nature against plaintiff. Following the report, plaintiff was ordered by his supervisors to ship defective transmission gears and other parts and to improperly adjust inventory records. Plaintiff's attempts to report this improper and potentially dangerous practice at the plant resulted in more intense harassment and abuse on the part of his supervisors, which included physical contact.  Ford also disciplined plaintiff on grounds that are pretextual. As a result of defendants' actions, plaintiff has been damaged in terms of his reputation and career advancement and he has suffered physical and mental trauma, necessitating three separate thirty-day leave periods. Through the actions of its agents, Ford created and maintained an unwelcome, offensive and hostile work environment for plaintiff.  In addition, Ford violated its own handbook and or policy manuals prohibiting employee aggression, providing a meaningful progressive disciplinary structure, and providing a due process peer review system for aggrieved supervisory employees, which constitutes the violation of an implied employment contract.  As a direct and proximate result of the illegal conduct and actions of Ford's agents, plaintiff was placed under a doctor's care for anxiety and psychological stress.  Plaintiff was terminated from his employment with Ford in late November 2002.

2

Based on these allegations, plaintiff brings four causes of action against Ford for violations of the Ohio Whistleblower Act and unspecified state law rules and regulations (Count I); intentional infliction of emotional distress under state law based on the actions of his supervisors (Count II); failure to provide a safe workplace under O.R.C. §4112.02 based on the maintenance of a hostile work environment (Count III); and negligent retention of the supervisors by Ford after plaintiff had made Ford aware of the supervisors' behavior (Count IV).

### III. Motion to dismiss

Defendants submit that defendant Ford T & C Sharonville should be dismissed from the lawsuit because there is no such legal entity. Defendant Ford moves the Court to dismiss the claims against it on the grounds that the whistleblower claim is time-barred and fails to state a claim for relief; plaintiff's claim for negligent retention is time-barred; plaintiff's claim for failure to provide a safe workplace is time-barred; and plaintiff has failed to state a claim for intentional infliction of emotional distress under Ohio law. In the reply in support of the motion to dismiss, defendants further contend that the motion to dismiss should be granted because plaintiff filed his response four days beyond the twice-extended filing deadline.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the non-moving party. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). For purposes of the motion, the reviewing court must accept every allegation as true. *Id.* A court need not, however, accept as true legal conclusions or unwarranted factual inferences contained in the complaint. *Id.* A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt

3

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Conley v. Gibson,*** 355 U.S. 41, 45-46 (1957).

## IV. Opinion

### A. Preliminary matters

As an initial matter, the Court will not dismiss the complaint based on plaintiff's failure to timely respond to the motion to dismiss. While the Court does not look favorably on plaintiff's dilatory action, a few days' delay does not warrant the extreme sanction of dismissing the lawsuit, particularly since Ford does not allege that it has been prejudiced by the delay.

Plaintiff concedes that Ford T & C Sharonville "may not be a corporate entity." The Court will therefore grant the motion to dismiss as to this defendant.

### B. Intentional Infliction of Emotional Distress

The Ohio courts have recognized intentional infliction of emotional distress as a tort. ***Yeager v. Local Union 20, Teamsters, Chauffers, Warehousemen & Helpers,*** 453 N.E.2d 666 (Oh. 1983). The elements of a claim for intentional infliction of emotional distress are: "1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' and was such that it can be considered as 'utterly intolerable in a civilized community,'…3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it.'" ***Pyle v. Pyle,*** 463 N.E.2d 98, 103 (Oh. App. 8th 1983).

Viewing the complaint in the light most favorable to plaintiff, the Court finds that plaintiff has stated a claim for intentional infliction of emotional distress under Ohio law. Plaintiff alleges that he was subjected to a campaign of psychological and physical abuse that led to physical and mental trauma and the need to take medical leaves of absence.  Plaintiff also alleges that it was necessary for him to seek psychological and psychiatric counseling as a result of the abuse.   Accepting plaintiff's allegations as true, it does not appear that he will be unable to prove any facts to establish his claim for intentional infliction of emotional distress. Accordingly, this claim is not subject to dismissal pursuant to Rule 12(b)(6).

### C. Negligent retention/Failure to provide a safe work environment

Defendant argues that plaintiff's claims for negligent retention and failure to provide a safe workplace sound in negligence, so that the two-year statute of limitations set forth in O.R.C. § 2305.10 applies.  Ford contends that because plaintiff did not commence this action until November 15, 2004, more than two years after his alleged termination date of September 4, 2002, these claims are time-barred and must be dismissed.

It is not clear whether plaintiff disputes that his claims for negligent retention and failure to provide a safe workplace are governed by the two-year limitations period of § 2305.10. Plaintiff makes a convoluted argument in his opposing memorandum in which he apparently suggests that although these claims may be governed by a two-year statute of limitations, the claims are not time-barred by virtue of the Ohio Savings Statute, Ohio Rev. Code § 2305.19,

which provides, in pertinent part, that

> (A) In any action that is commenced or attempted to be commenced . . . if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after . . . the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

Plaintiff further argues that the complaint states a cause of action under Ohio Rev. Code § 4113.52 because he has alleged a potentially dangerous practice by Ford which allowed the shipment of defective transmission gears and parts. In reply, Ford alleges that the Savings Statute applies only if the statute of limitations runs before the original action is dismissed. Ford alleges that because plaintiff was terminated on September 4, 2004, and his original action was dismissed on November 13, 2004, plaintiff had until September 4, 2004, to refile his claims within the limitations period, which plaintiff failed to do.

Contrary to Ford's contention that plaintiff was terminated on September 4, 2002, plaintiff alleges in the complaint that he was terminated in late November 2002. The date of termination is a disputed factual issue that cannot be resolved on a motion to dismiss. Rather, the Court must accept the alleged date of termination set forth in the complaint as true for purposes of the motion to dismiss. Accepting as true plaintiff's allegation that he was terminated in late November of 2002, it is possible that plaintiff timely refiled his claims within two years of the date of his termination, which would be within the period of the original statute of limitations. Accordingly, because it is not apparent from the face of the complaint that the failure to provide a safe workplace and negligent retention claims are time-barred, the claims are not subject to dismissal under Rule 12(b)(6) on statute of limitations grounds. Ford has not moved for dismissal of these claims on any other ground, so that the Court will deny the motion

to dismiss as to these claims.

### D. Whistleblower Act Claim

Ford contends that plaintiff's whistleblower claim is time-barred pursuant to O.R.C. § 4113.52(D), which provides that causes of action under the statute must be brought "within 180 days after the date the alleged disciplinary or retaliatory action was taken." Ford alleges that because the last alleged disciplinary or retaliatory action taken against plaintiff was his termination on September 4, 2002, the whistleblower claim is time-barred. Ford also alleges that plaintiff has failed to state a claim for a violation of the Whistleblower Act.

Plaintiff alleges that his whistleblower claim is not time-barred pursuant to the Savings Statute. Plaintiff alleges that although his previous action was dismissed on November 13, 2003, his refiling on November 15, 2004, was timely because the one-year period allowed under the Savings Statute for refiling the whistleblower claim expired on a Saturday and, therefore, "according to law its refiling on the next available business day is both proper and timely . . ." Plaintiff further argues that he has pled this claim with enough specificity to withstand the motion to dismiss.

In reply, defendant concedes that the Savings Statute does apply to the whistleblower claim because the 180-day limitations period expired prior to this Court's dismissal of plaintiff's original action, so that plaintiff had one year after dismissal of the original action within which to commence a new action. Defendant contends, however, that plaintiff did not refile his whistleblower claim within one year, and there is no authority for plaintiff's position that he was entitled to refile on the next business day following expiration of the one-year filing period.

Ford does not dispute that the one-year refiling period for plaintiff's whistleblower claim

expired on a Saturday.  According to Ohio Civ. R. 6,

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

Pursuant to the Rule, plaintiff had until Monday, November 15, 2004, to refile the whistleblower claim.  Because plaintiff refiled the claim on that date, the claim is not time-barred.

Turning to whether plaintiff has adequately pled a whistleblower claim, Ford asserts that plaintiff has failed to state a claim because he does not allege that he reported conduct that is either a felony or a criminal offense likely to cause an imminent risk of physical harm to persons or a hazard to the public health or safety.  Plaintiff responds that the complaint alleges a "potentially dangerous practice" on the part of Ford of asking supervisors to improperly adjust inventory records and allow the shipment of defective transmission gears and parts.

The Whistleblower Act, O.R.C. §4113.52 (A)(1)(a), provides, in pertinent part,

> If an employee becomes aware in the course of the employee's employment of a violation of any state or federal statute or any ordinance or regulation of a political subdivision that the employee's employer has authority to correct, and the employee reasonably believes that the violation either is a criminal offense that is likely to cause an imminent risk of physical harm to persons or a hazard to public health or safety or is a felony, the employee orally shall notify the employee's supervisor or other responsible officer of the employee's employer of the violation and subsequently shall file with that supervisor or officer a written report that provides sufficient detail to identify and describe the violation.

Plaintiff has failed to plead the elements required under the Act.  Plaintiff does not allege that he reasonably believed that the "potentially dangerous practice" he refers to in the complaint

8

constituted either a felony or a criminal offense, and he does not allege facts to support a finding

that a criminal violation occurred. Nor does plaintiff allege that he filed a written report,

asserting only that he reported errors in production/inventory documents to his direct supervisors

as is his responsibility or that he made "attempts to report this illegal and potentially dangerous

practice." Plaintiff's vague and conclusory allegations are insufficient to satisfy the elements of

a whistleblower claim. Accordingly, the Court will dismiss plaintiff's whistleblower claim for

failure to state a cause of action.

### E. Miscellaneous claims

In his opposing memorandum, plaintiff suggests that in addition to the four causes of

action specifically pled in the complaint, he has presented claims for battery, reverse

discrimination, defamation and slander, and breach of an implied employment contract. In fact,

plaintiff contends that the "overall thrust" of his action is breach of an implied contract of

employment. Plaintiff appears to argue that each of these claims is governed by the six-year

statute of limitations governing contract claims.

Assuming plaintiff has attempted to assert claims for battery, reverse discrimination,

defamation and slander, and implied breach of contract, he has failed to state a claim for relief as

to any of those causes of action. First, plaintiff's vague allegation that the harassment to which

he was subjected "escalated to the point of Plaintiff being the recipient of physical contact" is not

sufficient to put defendant on notice of plaintiff's intention to bring a claim for battery. In

addition, plaintiff has not set forth any facts necessary to state a cause of action for battery, such

as who had physical contact with him, the nature of the physical contact, and the circumstances

surrounding any incident of physical contact.

Second, plaintiff's general allegation that the alleged harassment by Ford's agents damaged plaintiff in terms of his reputation and career advancement is not sufficient to put defendant on notice of plaintiff's intention to bring a claim for defamation.  Nor are the allegations of the complaint sufficient to state a claim for defamation.  Plaintiff does not allege that an agent of Ford made a false statement of fact that was defamatory, that any such statement was published, that plaintiff suffered injury as the proximate result of an allegedly false publication, or that Ford acted with the required degree of fault in publishing a false statement of fact. *See Pollock v. Rashid*, 690 N.E.2d 903, 908 (Oh. 1996).

Third, the allegations of the complaint are likewise insufficient to put defendant on notice of plaintiff's intention to bring a claim for reverse discrimination or to state a claim for reverse discrimination.  Plaintiff refers to ¶ 20 of the complaint as setting forth this claim.  In ¶ 20, plaintiff alleges that (1) he is white/Caucasian, (2) the similar-level supervisor who plaintiff reported to his direct supervisor for irregularities in production/inventory record-keeping, as well as several of the direct supervisors mentioned in plaintiff's complaint, are African-American, and (3) Ford overlooked the alleged irregularities and production or record-keeping errors by the similar-level African-American supervisor.  Plaintiff does not allege that he was treated differently than similarly-situated African-American supervisors for comparable infractions, and he has therefore failed to state a claim for reverse discrimination.

Finally, the complaint is not sufficient to put Ford on notice of plaintiff's intention to bring a claim for breach of implied contract. Plaintiff alleges in the complaint that in addition to maintaining an unwelcome, offensive and hostile work environment for plaintiff, Ford "violated its own handbook(s) and/or policy manual(s) prohibiting employee aggression, providing a meaningful progressive discipline structure and a due process peer review system for an aggrieved supervisory employee, which forms the basis of an implied contract of employment for Plaintiff violated by Defendants." Plaintiff does not, however, include breach of implied contract among the four causes of action asserted in the complaint. Nor does plaintiff allege in the complaint facts which, if accepted as true, would suffice to establish such a claim. Thus, plaintiff has failed to state a claim for breach of implied contract of employment.

## V. Conclusion

In accordance with the foregoing, the motion to dismiss is **DENIED** with respect to plaintiff's claims against defendant Ford for intentional infliction of emotional distress (Count II), failure to provide a safe workplace (Count III), and negligent or intentional retention (Count IV). Defendants' motion to dismiss is **GRANTED** with respect to plaintiff's claim under the Ohio Whistleblower Act (Count I) and all other claims plaintiff purports to bring against defendant Ford, and with respect to all claims against defendant Ford T & C Sharonville. Defendant Ford T & C Sharonville is **DISMISSED** from the lawsuit. The case will proceed on the claims that remain in the lawsuit pursuant to the schedule established by the Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\04-836mtdohmiscPUB.wpd

12

13